IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC.,<br><br>                     Plaintiff,<br><br>      v.<br><br>DARYL HANSEN,<br><br>                 Defendant. | Case No. 1:10-cv-00553-EJL-REB<br><br>**ORDER AND**<br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff Melaleuca Inc.'s Motion to Amend
Complaint (Dkt. 29) and Motion to Compel (Dkt. 41), and Defendant Daryl Hansen's Motions
to Strike (Dkts. 32, 34), Motion to Amend by Interlineation (Dkt. 26) and Motion to Stay Rule
26(f) Conference (Dkt. 44). This motion is before the undersigned on referral from District
Judge Edward J. Lodge (Dkt. 48).

## REPORT

## PROCEDURAL BACKGROUND

On May 8, 2007, Plaintiff Melaleuca, Inc. ("Melaleuca") filed a complaint against
Defendant Daryl Hansen ("Hansen") in Case No. 07-212-E-EJL ("*Melaleuca I*"), asserting
claims for violations of the Controlling the Assault of Non-Solicited Pornography and Marketing
Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. § 7701, *et seq.*; violation of the Idaho Consumer
Protection Act, Idaho Code § 48-603E(2); misappropriation of trade secrets in violation of the

Idaho Trade Secrets Act ("ITSA"); Idaho Code § 48-801 *et seq.*; and tortious interference with contract.  On September 30, 2010, the Court dismissed Melaleuca's CAN-SPAM Act claim for lack of standing and declined to exercise jurisdiction over the remaining state law claims. *Melaleuca I*, Dkt. 72, pp. 7-10.

On November 10, 2010, Melaleuca filed a new complaint as a separate proceeding in this case, but raising the same four causes of action previously asserted against Hansen in the *Melaleuca I* case.  On April 15, 2011, the Court granted Hansen's Motion to Dismiss on collateral estoppel grounds, finding that both the issues of Melaleuca's standing under the CAN-SPAM Act and whether Melaleuca satisfied the amount in controversy requirement for diversity jurisdiction had been actually litigated as a critical and necessary part of the judgment in *Melaleuca I* and were, therefore, precluded from being raised anew.  Dkt. 13.

On appeal, the Ninth Circuit affirmed the dismissal of Melaleuca's claim under the CAN-SPAM Act as collaterally estopped.  Dkt. 20, p. 2.  However, the Ninth Circuit vacated this Court's contemporaneous ruling that the decision in *Melaleuca I* had preclusive effect on whether Melaleuca properly invoked diversity jurisdiction to raise its state law claims in this case.  The Ninth Circuit remanded for the District Court to consider "whether Melaleuca has asserted good faith damages in excess of the federal amount-in-controversy, including based on statutorily available attorney's fees under state law claims to the extent that such claims are not preempted."  Dkt. 20, p. 3.

After the Ninth Circuit issued its decision, the parties were directed to submit briefing on the remanded jurisdictional issue for this Court to address.  In addition to its opening brief on the jurisdictional issue, Melaleuca also filed a Motion to Amend Complaint (Dkt. 29) to include

"new allegations of jurisdictional facts."  Mem. in Support of Mtn. to Amend, Dkt. 29-2, p. 2.

## MOTION TO AMEND

**1.    Rule 15 Standard**

Under the federal rules, the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a) (2).  In making that discretionary decision:

> [A] court must be guided by the underlying purpose of Rule 15 –
> to facilitate decision on the merits rather than on the pleadings or
> technicalities. This court has noted on several occasions that the
> Supreme Court has instructed the lower federal courts to heed
> carefully the command of Rule 15(a) . . . by freely granting leave
> to amend when justice so requires. Thus Rule 15's policy of
> favoring amendments to pleadings should be applied with extreme
> liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.1987) (internal citations, quotation marks, and alterations omitted). Leave to amendment is appropriate "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Melaleuca seeks to amend to add jurisdictional allegations.  This Court has been directed by the Ninth Circuit to further consider the issue of diversity jurisdiction, in particular whether Melaleuca has asserted "good faith damages in excess of the federal amount-in-controversy." Accordingly, the Court must consider Melaleuca's motion to amend in that context.  District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332. Where the plaintiff originally files in federal court, "the amount in controversy is determined

from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1006 (9th Cir. 2010) (citing *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)). The amount in controversy alleged by the party seeking to invoke diversity jurisdiction is controlling, so long as the claim is made in good faith.[1] *Id*. "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. (internal citation omitted). This "legal certainty" standard means a federal court has subject matter jurisdiction unless "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Id*. (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

2.      **Discussion**

While this case has been pending over three years, because it was appealed to the Ninth Circuit, a case management order has not been entered and no deadline for amendment of pleadings has been set. Accordingly, leave to amend is properly granted to Melaleuca unless there is bad faith, undue delay, undue prejudice to Hansen, or amendment would be futile. Hansen argues the motion to dismiss should be denied on grounds of bad faith, undue prejudice and futility. His arguments in that regard almost solely pertain to Melaleuca's attempt to add allegations to its previously dismissed CAN-SPAM Act claim. The Ninth Circuit affirmed this Court's dismissal of Melaleuca's CAN-SPAM Act claim. Dkt. 20. Accordingly, Melaleuca cannot seek to amend its complaint to add more allegations in support of its dismissed CAN-

_____

[1] To ensure the amount-in-controversy is made in good faith, the diversity jurisdiction statutes provides that if a plaintiff recovers "less than the sum or value of $75,000 . . . the district court may deny costs to the plaintiff, and, in addition, may impose costs on the plaintiff." 28 U.S.C. § 1332(b).

**ORDER/REPORT AND RECOMMENDATION - 4**

SPAM Act claim.

Once an appellate court issues its mandate, the lower court is bound by the confines of the appellate court decision as to matters that were "heard and decided." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895). The Supreme Court articulated this "rule of mandate" over 100 years ago:

> When a case has been decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled . . .That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any other matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

*Id*. at 255. *See also United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000).

Melaleuca's CAN-SPAM Act has been dismissed. The issue remanded by the Ninth Circuit was the Court to consider whether Melaleuca has "asserted good faith damages in excess of the federal amount-in-controversy" (so as to reconsider whether the Court has separate federal jurisdiction over the state law claims) and Melaleuca should not be permitted to seek amendment that would purport to add claims beyond that boundary.[2] Accordingly, the Court recommends that Melaleuca's motion to amend be denied as to those allegations that relate to its CAN-SPAM Act claim, *e.g.*, paragraphs 24-35 of the Proposed Amended Complaint (Dkt. 29-1) should be

---

[2] In the previous action, the Court dismissed Melaleuca's CAN-SPAM Act claim without prejudice (*Melaleuca I*, Dkt. 72), Melaleuca appealed that decision (*Id*., Dkt. 74) and later voluntarily dismissed its appeal (*Id*., Dkt. 81). Then, Melaleuca filed a new complaint in a new case that was dismissed on the grounds of collateral estoppel (Dkt. 13) and affirmed by the Ninth Circuit (Dkt. 20). The appropriate time for Melaleuca to seek leave to amend would be when the Court considered its dismissal in *Melaleuca I*, not now when this Court has dismissed the CAN-SPAM Act claim on collateral estoppel grounds and such dismissal has been upheld by the Ninth Circuit.

stricken from any amendment which might otherwise be permitted.[3]

What remains then is to consider the remanded issue of whether there has been a sufficient allegation of diversity jurisdiction, as enlarged upon by the proposed amended complaint. Under the legal certainty standard for the amount-in-controversy for diversity jurisdiction, it must be obvious on the face of the complaint that the suit involves the necessary jurisdictional amount. *Geographic Expeditions, Inc.*, 599 F.3d at 1006. The Ninth Circuit permits a dismissal under this standard when "a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). Dismissal also is permitted when the amount alleged is made in "bad faith," *i.e.* solely to invoke diversity jurisdiction. *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).

Melaleuca asserts three separate state law claims and alleges damages in excess of $75,000 for each claim. Accordingly, the claims in the aggregate also exceed the "greater than" $75,000 jurisdictional amount. The statutory damages alleged in Count Two (Idaho Consumer Protection Act) are $100 per violation, with 1,400 email violations. If proven, such an amount would well exceed the greater than $75,000 jurisdictional amount. Hansen contests diversity jurisdiction, but he points to nothing that establishes as a *legal certainty* that the predicate amount-in-controversy cannot be met. Nor has Hansen established prejudice. This case has been pending since 2010; however, discovery has not taken place due to the appeal and the case is

---

[3] The Court notes these are the allegations that have been added to the complaint that were not apart of the initial CAN-SPAM Act claim in the original complaint (Dkt. 1). The fact that the court has not stricken all of the allegations under the CAN-SPAM Act claim does not change the fact that that claim has been dismissed.

procedurally still in its early stages.  Accordingly, upon consideration of the liberal standard governing the motion to amend and the Ninth Circuit's mandate on remand, the Court recommends granting leave to amend, in part, for the reason that Melaleuca has asserted good faith damages that meet diversity jurisdiction requirements.

## OTHER PENDING MOTIONS

**1.**     **Hansen's Motion to Strike (Dkts. 32, 34)[4]**

Melaleuca's briefing on the jurisdictional issue incorporates Hansen's deposition taken on February 2, 2009.  (*See* Affidavit of Keith Woffinden, Ex. 1, Dkt. 28-2).  Hansen asks that the Court strike his deposition transcript from the record pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Evid. 408, for the reason that in settlement discussions that also occurred on February 2, 2009, the parties reached an "Agreement to Agree" that called for the deposition to remain confidential.

Even though, as argued by Melaleuca, Rule 12(f) may not be the proper vehicle for Hansen's motion, the Court will briefly address his motion to strike.  Hansen's attempt to strike his deposition from the record is without merit.  If there was an enforceable agreement between the parties as to the confidentiality of Hansen's deposition, then Hansen might have some redress against Melaleuca outside the confines of this matter, where his deposition transcript had not otherwise been made part of the record of this case. However, the case did not settle, the "Agreement to Agree" apparently remained just that, and Melaleuca is entitled to draw upon Hansen's deposition in arguing its positions in this case.  Hansen's motion to strike is denied.

---

[4] Defendant Hansen has filed two, seemingly identical, motions to strike on this issue. The Court will consider them as one.

**ORDER/REPORT AND RECOMMENDATION - 7**

2. **Hansen's Motion to Amend by Interlineation (Dkt. 36)**

Hansen seeks to amend his Opposition to Plaintiff's Motion to Amend. There is no objection to this motion and it is hereby granted.

3. **Melaleuca's Motion to Compel (Dkt. 41) and Hansen's Motion to Stay (Dkt. 44)**

Melaleuca moves for an order compelling Hansen to participate in a Fed. R. Civ. P. 26(f) conference. Hansen, on the other hand, moves the Court to stay the Rule 26(f) conference. Rule 26(f) requires that the parties conduct an initial conference as soon as practicable–and in any event at least 21 days before a scheduling conference is to be held or a scheduling conference is due under Rule 16(b). Because the Court is recommending that leave to amend by given and that Meleleuca has properly alleged diversity jurisdiction, the Court will grant Melaleuca's motion to compel and deny Hansen's motion to stay. The Rule 26(f) conference shall take place within 21 days after Judge Lodge has ruled upon this Report and Recommendation.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1) Defendant Daryl Hansen's Motion to Strike (Dkts. 32, 34) is **DENIED**;

2) Defendant Daryl Hansen's Motion to Amend by Interlineation (Dkt. 36) is **GRANTED**;

3) Plaintiff Melaleuca Inc.'s Motion to Compel (Dkt. 41) is **GRANTED**; and

4) Defendant Daryl Hansen's Motion to Stay Rule 26(f) Conference (Dkt. 44) is **DENIED**.

## <u>RECOMMENDATION</u>

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1)      Plaintiff Melaleuca Inc.'s Motion to Amend Complaint (Dkt. 29) be **GRANTED**

        **IN PART and DENIED IN PART**.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a

Magistrate Judge's recommended disposition "must serve and file specific, written objections,

not to exceed twenty pages . . . within fourteen (14) days . . ., unless the magistrate or district

judge sets a

different time period."  Additionally, the other party "may serve and file a response, not to

exceed ten pages, to another party's objections within fourteen (14) days after being served a

copy thereof.

DATED:  **February 25, 2014**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge