UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DARYL HANSEN,<br><br>　　　　　Defendant. | Case No. 1:10-cv-00553-EJL<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

# INTRODUCTION

On February 25, 2014, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that the Motion to Amend Complaint be granted in part and denied in part. (Dkt. 50.) Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. 28 U.S.C. § 636(b)(1) and District of Idaho Local Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Defendant filed objections to the Report arguing the Report fails to recognize Plaintiff's bad faith, ignores the application of judicial estoppel, overlooks Plaintiff's track record of frivolous litigation and prejudice from the delay, and neglects to identify the futility of the amended complaint. (Dkt. 51.)[1] Plaintiff did not file any objections but has responded to the Defendant's objections. (Dkt. 53.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## FACTUAL AND PROCEDURAL BACKGROUND

This action began on November 10, 2010 when Plaintiff, Melaleuca, Inc., filed a Complaint against the Defendant, Daryl Hansen alleging claims for violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" Act), 15 U.S.C. § 7701, *et seq.*, violation of the Idaho Consumer Protection Act ("ICPA"), Idaho Code § 48-603E(2), misappropriation of trade secrets in violation of the Idaho Trade Secrets Act ("ITSA"), Idaho Code § 48-801 *et seq.*, and tortious interference with contract. (Dkt. 1.) These same claims were raised previously by Melaleuca against Mr. Hansen in an earlier case, Case No. CV07-212-E-EJL, ("*Melaleuca I*"),[2] filed on May 8, 2007.

In *Melaleuca I*, Mr. Hansen filed a Motion to Dismiss arguing Melaleuca did not have standing to raise the claims for violations of federal and state anti-span statutes. (*Melaleuca*

---

[1] Defendant has also filed a Motion to Disqualify the Magistrate Judge that the Court will take up in a separate Order. (Dkt. 52.)

[2] In this Order, when citing to the docket in *Melaleuca I* the Court will use (*Melaleuca I*, Dkt. ). When citing to the docket in the instant case, *Melaleuca II*, the Court will simply use (Dkt. ).

*I*, Dkt. 38.) The Court granted Mr. Hansen's Motion to Dismiss concluding Melaleuca lacked standing to bring the CAN-SPAM Act claim and declined to exercise jurisdiction over the remaining state law claims. (*Melaleuca I*, Dkt. 69, 72.) The case was dismissed without prejudice. (*Melaleuca I*, Dkt. 73.)

In this action, Mr. Hansen again filed a Motion to Dismiss which the Court granted on April 15, 2011. (Dkt. 9, 13.) The Court concluded that the claims raised in this case were the same as those previously dismissed in *Melaleuca I* and, therefore, were barred by collateral estoppel. (Dkt. 13.) On appeal, the Ninth Circuit affirmed the dismissal of the CAN-SPAM Act claim but remanded to this Court the question of whether diversity jurisdiction had been invoked so as to allow Melaleuca to raise the state law claims in this action. (Dkt. 20.) On remand, the parties briefed the diversity jurisdiction question and Melaleuca filed a Motion to Amend/Correct Complaint. (Dkt. 29.)[3] These matters are the subject of the Report which recommends granting the Motion to Amend/Correct to which Mr. Hansen has filed objections. (Dkt. 50, 51, 53.)[2] The Court finds as follows.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where

---

[3] The parties also field related Motions which the Magistrate Judge resolved. (Dkt. 49, 50.)

[2] In addition, Mr. Hansen has filed a Motion for Disqualification of Magistrate Judge Bush. (Dkt. 52.) This Motion is not yet ripe. The Court will consider the same in a separate order once it has been fully briefed.

the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, the Court has conducted a *de novo* review of those portions of the Report to which Mr. Hansen has objected. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

### 1. Bad Faith

The Ninth Circuit's order of remand directed this Court to determine whether Melaleuca has asserted "good faith damages in excess of the federal amount-in-controversy." (Dkt. 20.) For diversity actions the statutory requirement is that the amount in controversy exceed $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. As the Report correctly noted, the "amount in controversy alleged by the party seeking to invoke diversity jurisdiction is controlling, so long as the claim is made in good faith." (Dkt. 50 at 4) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.2d 1102, 1106 (9th Cir. 2010)).

In his objections, Mr. Hanson argues all of Melaleuca's alleged damages are brought in bad faith, deceptive, meritless, and based on claims that have been dismissed or are otherwise legally barred. (Dkt. 51 at 2.) Melaleuca maintains it has clearly shown the claims are made in good faith and exceed the $75,000 statutory requirement for diversity jurisdiction. (Dkt. 53.) The Report concluded that the statutory damages alleged in the ICPA claim, $100 per violation with 1,400 alleged violations, alone satisfies the jurisdictional amount in controversy. (Dkt. 50 at 6.) Having reviewed the record in this case, this Court agrees with the Report's conclusion that Melaleuca has alleged, at least at this early stage, damages

sufficient to satisfy the statutory amount in controversy requirement.

2.     **Judicial Estoppel**

Mr. Hansen argues the Report failed to apply the doctrine of judicial estoppel to bar Melaleuca's claims. (Dkt. 51 at 3.) Specifically, Mr. Hansen argues the Report inaccurately described his judicial estoppel argument as applying only to the CAN-SPAM claims when he is arguing that the doctrine should bar all of Melaleuca's claims. In response, Melaleuca argues judicial estoppel does not apply here as it has not taken an inconsistent litigation position, is not precluded from pleading alternative theories, and it has not placed Mr. Hansen at an unfair disadvantage. (Dkt. 53.) The parties briefed this issue in their initial briefing on the Motion to Amend Complaint. (Dkt. 30, 37.)

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The doctrine applies when: (1) a party's position is clearly inconsistent with a previous position; (2) the prior court accepted the previous inconsistent position; and (3) the inconsistency gave the litigant an unfair advantage in the subsequent suit. *Id.* at 782 (citing *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)).

The Report discusses the impact of the Ninth Circuit's ruling on CAN-SPAM Act claims and recommends that the Motion to Amend be denied as to allegations relating to that claim. (Dkt. 50 at 5.) Mr. Hansen's objections seeks to have the Court go one step further and

conclude that estoppel precludes all of Melaleuca's claims. The Court declines to do so at this time. The question before the Court at this stage is simply whether Melaleuca has made a sufficient showing to meet the diversity jurisdiction requirements on the non-CAN-SPAM Act claims. This Court agrees with the Report's analysis of that question and will adopt the same. In so concluding, the Court makes no finding at this time as to the viability of his argument if it is raised in a later motion.

3.  **Frivolous Litigation, Prejudice, and Delay**

Mr. Hansen maintains the Report erred in failing to find this litigation to be frivolous and that the delays have prejudiced him. (Dkt. 51 at 4.) This case has undoubtedly taken a long and winding road to get to this point. Although it has been pending since 2010, the case is only in its beginning stage procedurally. The Court finds the Report applied the correct standard of law to the question and Motion currently pending. (Dkt. 50 at 3.) At this point, Melaleuca has demonstrated the minimal requirements for diversity jurisdiction and the Court agrees with the Report's conclusion that Mr. Hansen has not demonstrated prejudice.

4.  **Futility**

The Motion to Amend/Correct the Complaint should be denied, Mr. Hansen argues, because any amendment is futile. (Dkt. 51 at 5-6.) Mr. Hansen maintains that the state law claims that survived appeal are "barred by laches, the doctrine of unclean hands, expired statute of limitations, and the lack of subject matter jurisdiction." (Dkt. 51 at 6.) He argues the Report failed to consider the matters that have already been adjudicated and apply the above

doctrines that bar Melaleuca's state law claims.

The prior cases, procedural history, and claims made by Melaleuca against Mr. Hansen were all considered in the Report. (Dkt. 50 at 1-3.) This Court too has gone back and reviewed the prior cases and rulings therein when considering the pending matters and the parties' arguments in this case. Mr. Hansen's objection goes more to the merits of the claims which would be appropriate for a later dispositive type motion. On the questions currently pending, the Court finds the Report correctly decided the matter. Applying the correct standard applicable for this early stage in the case, Melaleuca has satisfied the minimal showing required for diversity jurisdiction and the liberal standard for leave to amend. Whether the claims survive a later dispositive motion remains to be seen.

**5.    Conclusion**

The Court has reviewed the Report and finds it to be well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Bush, and this Court being fully advised in the premises, the Court agrees with Magistrate Judge Bush's conclusions and will adopt the same.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 25, 2014 (Dkt. 50) is **INCORPORATED** by reference and **ADOPTED IN ITS ENTIRETY** and the Court HEREBY ORDERS as follows:

1) Plaintiff's Motion to Amend/Correct Complaint (Dkt. 29) is **GRANTED IN PART and DENIED IN PART** as stated in the Report.

2) The parties are directed to file a joint litigation plan[3] by May 5, 2014.

DATED: **April 3, 2014**

Honorable Edward J. Lodge
U. S. District Judge

---

[3]Attached is a Civil Case Litigation Outline which shall be used by the parties in determining their case litigation plan. The Court will expect the outline to be followed unless a showing by the parties is made that the case is highly complex in nature. The litigation plan form can be found at http://www.id.uscourts.gov/forms-dc/LITPLAN_ejl.pdf.

**CIVIL CASE LITIGATION OUTLINE**

| DAY | EVENT |
|---|---|
| 1 | Order on Report and Recommendaiton |
| 30 | **DISTRICT COURT FILING DEADLINE:** Joint Litigation Plan Form |
| 90 | Expert Disclosure by plaintiff |
| 120 | Expert Disclosure by defendant |
| 135 | Rebuttal Expert Disclosure by plaintiff |
| 160 | Pre-Alternative Dispute Resolution (ADR) Discovery Deadline **DISTRICT COURT FILING DEADLINE:** Motion to Amend |
| 210 | ADR Conference (Mediation, Arbitration or Settlement Conference) |
| 240 | Final Discovery Deadline |
| 270 | **DISTRICT COURT FILING DEADLINE:** All Pre-Trial Motions (6 months before trial) |
|  | **TRIAL:** Scheduled to begin on Tuesdays at 9:30 a.m. unless otherwise ordered. |